IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DOROTHY McNICKLES**                                                                                    **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 5:15-CV-88-KS-MTP**

**RAINBOW CHRYSLER DODGE JEEP
OF McCOMB, LLC, and CAPITAL ONE AUTO
FINANCE, a Division of CAPITAL ONE,
NATIONAL ASSOCIATION**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint [6] and Motion for Joinder [12] (collectively "Joint Motion to Dismiss [6][12]") filed by Defendants Capital One Auto Finance and Rainbow Chrysler Dodge Jeep of McComb, LLC. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Joint Motion to Dismiss [6][12] is well taken and should be granted. Plaintiff's federal Truth-in-Lending Act claim will be dismissed with prejudice. All remaining state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Dorothy McNickles ("Plaintiff") filed this action on September 10, 2015, against Defendants Capital One Auto Finance ("COAF") and Rainbow Chrysler Dodge Jeep of McComb, LLC ("Rainbow") (collectively "Defendants"). In her Complaint [1], Plaintiff brings a federal claim under the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and four claims under Mississippi law for negligence, breach of contract, and violations of the Mississippi Motor Vehicle Sales Finance Law, MISS. CODE ANN. §§ 63-19-1, *et seq.*, and the Mississippi Motor Vehicle Title Law, MISS. CODE ANN. §§ 63-21-1, *et seq.* This Court has jurisdiction over the TILA claim under

28 U.S.C. §§ 1331, 2201, and 2202, and 15 U.S.C. § 1640. The Court's jurisdiction over the state law claims rests in its supplemental jurisdiction under 28 U.S.C. § 1367.

On December 10, 2011, Plaintiff and Rainbow entered into a consumer credit transaction for the purchase of a used 2010 Chevrolet Cobalt (the "Vehicle"). This transaction was memorialized in the Retail Installment Contract ("Contract") [1-1]. COFA was not a party to the Contract [1-1] and was not listed as a creditor. On April 7, 2014, Plaintiff received a letter from COFA, stating that it had bought the Contract [1-1] from Rainbow and advising her that the incorrect Vehicle Identification Number ("VIN") was listed on the Contract [1-1]. (*See* Letter [1-7].)

Plaintiff made payments under the Contract [1-1] until November 2014.[1] The Vehicle was briefly repossessed by COFA on February 23, 2015, and returned to Plaintiff on February 24, 2015. On March 6, 2015, parties executed the Amendment to Retail Installment Contract ("Amendment") [1-8], which corrected the VIN and explicitly stated that " [e]xcept as amended . . ., the Contract is ratified, adopted, approved and confirmed in all respects and remains in full force and effect." The Vehicle was repossessed again in April 2015.

COFA filed its Motion to Dismiss Plaintiff's Complaint [6] on October 13, 2015. Rainbow filed its Motion for Joinder [12] on November 18, 2015. The Court requested more briefing on the Joint Motion to Dismiss [6][12] in its Order [14] on January 5, 2016. Parties have submitted the requested briefing, and the Court is now ready to rule.

## II. DISCUSSION

**A.    Standard of Review**

---

[1] In her Complaint [1], Plaintiff claims she made 35 monthly payments "from January 24, 2012 to November 24, 2012." The Court assumes this is a typo and should read "from January 2012 to November 24, 2014."

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.     TILA Violations**

Plaintiff argues that both the Contract [1-1] and the Amendment [1-8] violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and the regulations promulgated pursuant thereto, 12 C.F.R. Part 1026 (Regulation Z). The deficiencies of these documents are not apparent from a plain reading of the Complaint [1]. However, from Plaintiff's submissions in response, it is clear to the Court that she cannot state a claim for relief under TILA for either document.

Defendants argue that any claim under TILA Plaintiff may have had for the Contract [1] is barred by the applicable statute of limitations. All claims for violations of TILA must be brought within one year of the occurrence of the violation. 15 U.S.C. § 1640(e). Plaintiff contends the Contract [1-1] violated TILA by not listing COFA as a creditor and by listing the wrong VIN for the Vehicle. Even assuming that these arguments have merit and that Plaintiff may be entitled to have

3

the statutory period tolled until the date she had actual knowledge of both of these errors, the latest Plaintiff's TILA claim could have accrued was April 7, 2014, when she was informed by COFA that the VIN number was incorrect. (*See* Letter [1-7].) This means that the latest deadline she could have possibly had to file her TILA claim was April 7, 2015. Plaintiff did not file her Complaint [1] until September 10, 2015. Therefore, any TILA claim she may have had for the Contract [1] is time-barred, and Defendants' Joint Motion to Dismiss [6][12] will be **granted** as to this claim.

Additionally, there are no TILA disclosure requirements applicable to the Amendment [1-9]. TILA requires certain disclosures be made by a creditor for each "consumer credit transaction" made, with some exceptions inapplicable to this case. 15 U.S.C. § 1631(a); *see also Lea v. Buy Direct, L.L.C.*, 755 F.3d 250, 252-53 (5th Cir. 2014). Regardless of whether the Amendment [1-9] is a second contract, it is clear that it is not a second consumer credit transaction, as no second loan was made and its only purpose is to correct the VIN in the original Contract [1-1]. *See* Black's Law Dictionary (10th ed. 2014) (defining consumer credit transaction as "[a] transaction by which a person receives a loan to buy consumer goods or services"). Plaintiff's obligations under the Contract [1-1] did not change with the Amendment [1-9],[2] nor was her loan modified in any way. Therefore, because the Amendment [1-9] was not a consumer credit transaction, no disclosure requirements apply to it under TILA, and Plaintiff's claim under TILA with regards to this document

---

[2]Plaintiff argues her obligations did change under the Amendment [1-9] because a different property was described and it made her payments due to COFA, instead of Rainbow as in the original Contract [1-1]. However, from the exhibits attached to her Complaint [1], it is clear that she was previously obligated to make payments to COFA under the assignment of the Contract [1-1]. Furthermore, as the incorrect VIN belonged to a vehicle which she never possessed and there was always an understanding that the Vehicle in her possession was the collateral securing the Contract [1-1], the correcting of the VIN did not substantially change the loan enough so as to make the Amendment [1-9] a second consumer credit transaction.

must fail.  Defendants' Joint Motion to Dismiss [6][12] will therefore be **granted** as to Plaintiff's TILA claim and it will be **dismissed with prejudice**.

        C.        **State Law Claims**

The Court's jurisdiction over the remaining state law claims is based in its supplemental jurisdiction under 28 U.S.C. § 1367.  When the single federal claim is dismissed at an "early state" of litigation, as it has been in this action, there is "a powerful reason to choose not to continue to exercise jurisdiction."  *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988)).  "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."  *Id.* (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).  Therefore, as the federal TILA claim been dismissed in this action, the Court will **dismiss without prejudice** all remaining state law claims for want of subject matter jurisdiction.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Joint Motion to Dismiss [6][12] is **granted**.  Plaintiff's claim under TILA are **dismissed with prejudice**.  Plaintiffs' remaining state law claims are **dismissed without prejudice** for lack of subject matter jurisdiction.

SO ORDERED AND ADJUDGED this the 12th day of February, 2016.

                                                  *s/ Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE